## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **CHARLES KENZELL CARTER,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:22-cv-00025** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **LARRY ROSS COLLINS, <u>et</u> <u>al</u>.,** | ) | **Chief United States District Judge** |
| **Defendants.** | ) | |

## <u>ORDER</u>

Plaintiff Charles Kenzell Carter, a state inmate proceeding <u>pro</u> <u>se</u>, filed this action against multiple employees of the Virginia Department of Corrections, including Larry Ross Collins, the Unit Manager of C-Building at Red Onion State Prison. Carter alleges, among other claims, that correctional officers used excessive force against him on November 9, 2021, while he was housed in C-Building, and that Collins made a threatening remark after Carter expressed the intent to sue the correctional officers for excessive force. The case is presently before the court on (1) Carter's motion for preliminary injunction, ECF No. 57, and (2) his motion for leave to file an affidavit in support of that motion, ECF No. 67. The court will grant the second motion and consider the affidavit filed by Carter. For the following reasons, however, the motion for preliminary injunction will be denied.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." <u>Winter v. Nat. Res. Defense Council, Inc.</u>, 555 U.S. 7, 22 (2008). A plaintiff seeking such relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Id.</u> at 20. The plaintiff must also "establish a relationship between the injury claimed in the

[plaintiff's] motion and the conduct asserted in the complaint." <u>Omega World Travel v. Trans World Airlines</u>, 111 F.3d 14, 16 (4th Cir. 1997) (quoting <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994)). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." <u>Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.</u>, 810 F.3d 631, 636 (9th Cir. 2015). A preliminary injunction "may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." <u>Omega World Travel</u>, 111 F.3d at 16. "Though new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint." <u>Pac. Radiation Oncology</u>, 810 F.3d at 636 (citing <u>Devose</u>, 42 F.3d at 471).

Carter's motion does not satisfy the requirements for issuance of a preliminary injunction. Among other deficiencies, the motion does not seek to prevent harm caused by the wrongs claimed in the underlying action. Instead, Carter complains about incidents that allegedly occurred after he was "moved back to C-Building" on October 25, 2022, nine months after the instant action was field. Decl. Supp. M. Prelim. Inj., ECF No. 57-1, at 2. In particular, Carter alleges that he was served "spoiled food" on several occasions, despite informing Collins of the problem, and that he did not receive adequate medical treatment after "consuming contaminated food." <u>Id.</u> at 2–4; <u>see also</u> Aff. Supp. M. Prelim. Inj., ECF No. 67-1, at 2. Thus, the motion is based on new assertions of mistreatment that are different from the claims asserted in the complaint. Even if the new assertions could support additional claims against some of the same

defendants, "they cannot provide the basis for a preliminary injunction in this lawsuit."[*] <u>Devose</u>, 42 F.3d at 471.

For these reasons, it is hereby **ORDERED** that Carter's motion for leave to file an affidavit in support of his motion for preliminary injunction, ECF No. 67, is **GRANTED**, and the motion for preliminary injunction, ECF No. 57, is **DENIED**. The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: March 1, 2023

Michael F. Urbanski
Chief U.S. District Judge
2023.03.01 12:03:55
-05'00'

Michael F. Urbanski
Chief United States District Judge

---

[*] To the extent Carter believes that his new allegations of mistreatment rise to the level of constitutional violations, he may filed a new lawsuit based on the allegations.

3