IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES CARTER,<br>    Plaintiff,<br><br>v.<br><br>LARRY ROSS COLLINS, et al.,<br>    Defendants. | )<br>)   Case No. 7:22-cv-00025<br>)<br>)<br>)<br>)   By: Michael F. Urbanski<br>)   Chief United States District Judge<br>) |

## MEMORANDUM OPINION

Plaintiff Charles Carter, proceeding pro se, is a Wyoming inmate housed within the Virginia Department of Corrections ("VDOC") pursuant to an Interstate Corrections Compact contract between the Commonwealth of Virginia and the State of Wyoming. Carter filed this civil rights action against more than twenty defendants, including Assistant Attorney General Laura Maughan, an attorney in the Correctional Litigation Section of the Office of the Attorney General of Virginia.[1] Maughan has filed a motion to dismiss to which Carter has responded. ECF No. 43 and 51. For the reasons set forth below, the motion is **GRANTED**.

### I.  Background

Carter is incarcerated at Red Onion State Prison. His complaint primarily arises from an incident that occurred on November 9, 2021, while he was housed in segregation. Carter alleges that correctional officers "tripped slammed [him] to the floor, while [he] was in handcuffs and shackles, unable to protect [his] head, face or any other part of [his] body," and

---

[1] Carter initially named the Office of the Attorney General as a defendant. On September 28, 2022, Maughan was substituted as a defendant in place of the Office of the Attorney General. See ECF No. 11.

that officers proceeded to punch him, rendering him "periodically unresponsive." Compl., ECF No. 1, at 8. Carter further alleges that officers escorted him to the medical unit in a broken wheelchair and that they "let [his] feet drag all the way to medical, maliciously and intentionally inflicting wanton physical pain and injur[ies]." Id. at 9. Carter also alleges that one of the officers, Larry Collins, was observed using tobacco products on the day of the incident. Id. at 32.

Assistant Attorney General Laura Maughan is named as a defendant with respect to four claims. First, Carter seeks to hold Maughan responsible for "inadequate investigation of inmate complaints." Id. at 27. Carter alleges that Maughan and other defendants "have yet to investigate this incident [that occurred on November 9, 2021,] and other past incidents that resulted in Plaintiff or other inmates receiving physical injuries." Id. at 29.

Second, Carter seeks to hold Maughan and other defendants liable for "breach of contract." Id. at 31. In particular, Carter alleges that the defendants have violated the Interstate Corrections Compact contract between the Commonwealth of Virginia and the State of Wyoming by disciplining him in a manner that violates Wyoming law. Id.

Third, Carter seeks to hold Maughan and other defendants liable for the use of tobacco products by correctional staff at Red Onion. Id. at 32. Carter alleges that employees are "committing a crime" by using tobacco products on state grounds and that Maughan and other defendants are "responsible for not stopping it." Id. at 33.

Fourth, Carter claims that Maughan has "fail[ed] to take disciplinary or other actions to curb the known pattern of physical abuse of inmates" at Red Onion. Id. at 35. Carter seeks to hold Maughan responsible for "failure to act." Id.

2

## II. Standard of Review

Maughan has moved to dismiss the § 1983 claims against her under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. To survive dismissal for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions," "naked assertion[s] devoid of further factual enhancement," or "a formulaic recitation of the elements of a cause of action will not do." Id. (alteration in original) (internal quotation marks and citations omitted).

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

## III. Discussion

### A. Claims under § 1983

Carter filed suit against Maughan and other defendants under 42 U.S.C. § 1983. "Section 1983 authorizes a plaintiff to sue for an alleged deprivation of a federal constitutional

3

right by an official acting under color of state law." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (internal quotation marks and citations omitted). Under § 1983, there is no doctrine of respondeat superior or vicarious liability. See Iqbal, 556 U.S. at 676 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94 (1978)). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id.

Upon review of the complaint, the court concludes that Carter has failed to state a claim against Maughan under § 1983. First, to the extent that Carter seeks to hold Maughan responsible for alleged violations of state law, such violations are not redressable under § 1983. It is well settled that § 1983 "protects plaintiffs from constitutional violations, not violations of state law or departmental regulations." Williams v. Shah, 927 F.3d 476, 479 n.1 (7th Cir. 2006) (citing Thompson v. City of Chicago, 472 F.3d 444, 454 (7th Cir. 2006)); see also Powers v. Coe, 728 F.2d 97, 105 (2d Cir. 1984) ("It is axiomatic that violations of state law alone are insufficient to state a claim for section 1983 relief."). Likewise, alleged violations of the Interstate Corrections Compact "are not violations of federal law, and therefore not actionable under § 1983." Smith v. Cummings, 445 F.3d 1254, 1259 (10th Cir. 2006); see also Ghana v. Pearce, 159 F.3d 1206, 1209 (9th Cir. 1998) ("As the [Interstate Corrections] Compact is not federal law and does not create a constitutionally protected liberty interest, we hold that a violation of the Compact cannot be the basis for a section 1983 action.").

To the extent Carter asserts that Maughan failed to investigate the alleged use of excessive force on November 9, 2021, he also fails to state a claim upon which relief may be granted. Only persons who cause or participate in a constitutional violation are responsible

4

under § 1983. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). The alleged failure to take action after an alleged constitutional violation does not cause or contribute to such violation or otherwise provide a basis for liability. See, e.g., Schofield v. Magrey, No. 3:12-cv-00544, 2015 WL 521418, at *11 (D. Conn. Feb. 9, 2015) ("Plaintiff contends that Chief Reed is liable for failure to discipline Officer Madore for his conduct in this case, but . . . any such failure to discipline after the fact cannot have caused Plaintiff's injuries and therefore is not actionable under § 1983.").

Carter also lacks any cognizable constitutional interest in the criminal investigation or prosecution of another person. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990). Thus, the alleged failure to investigate or pursue criminal charges for the use of tobacco products on state property does not state a claim under § 1983.

Finally, to the extent that Carter seeks to hold Maughan liable for the use of excessive force under a theory of supervisory liability, the complaint fails to state a claim under the governing standard. As an initial matter, Carter does not plausibly allege that Maughan supervises state correctional officers in her position as Assistant Attorney General. See, e.g., Nottingham v. Attorney General, No. 21-3298, 2022 WL 2964804, at *2 (3d Cir. May 26, 2022) (noting, in affirming the dismissal of a § 1983 action filed by an inmate against a state attorney general, that the attorney general does not supervise state or local police and that the inmate had not sufficiently alleged that the attorney general was personally involved in any of the underlying decisions); see also Williams v. Raemisch, 545 F. App'x 525, 529 (7th Cir. 2013) (affirming the dismissal of an Eighth Amendment claim of deliberate indifference asserted

5

against the secretary of the Department of Corrections and emphasizing that "[t]he secretary did not supervise the day-to-day operations of the prison"); Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2005) ("Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job . . . . Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.").

Moreover, in order to state a claim of supervisory liability under § 1983, a plaintiff must allege facts sufficient to show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices[;] and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted); see also Slakan v. Porter, 737 F.2d 368, 372–74 (4th Cir. 1984) (discussing the "heavy burden of proof" that a plaintiff assumes when asserting a claim of supervisory liability). To satisfy the first element, a plaintiff must show that "the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." Wilkins v. Montgomery, 751 F.3d 214,

226 (4th Cir. 2014) (internal quotation marks and citation omitted); see also Slakan, 737 F.2d at 373 (noting that a plaintiff "cannot satisfy his burden of proof by pointing to a single incident or isolated incidents"). With respect to the second element, "a plaintiff may establish deliberate indifference by demonstrating a supervisor's continued inaction in the face of documented widespread abuses." Wilkins, 751 F.3d at 226 (internal quotation marks and citation omitted). Finally, as to the third element, "[c]ausation is established when the plaintiff demonstrates an affirmative causal link between the supervisor's inaction and the harm suffered by the plaintiff." Shaw, 13 F.3d at 799 (internal quotation marks and citations omitted).

Carter's complaint does not set forth sufficient factual allegations to satisfy the foregoing elements. Among other deficiencies, the complaint is devoid of facts from which the court can reasonably infer that Maughan continuously failed to act in the face of documented widespread abuses. Thus, even if Maughan were a supervisor (which is not plausibly alleged), the complaint fails to state a claim of supervisory liability under § 1983.

### B. Claim for Breach of Contract

Finally, Carter's claim for breach of the Interstate Corrections Compact contract between the Commonwealth of Virginia and the State of Wyoming is barred by the Eleventh Amendment. Under the Eleventh Amendment, "an unconsenting State is immune from suit brought in federal court by her own citizens as well as by citizens of another state." Edelman v. Jordan, 415 U.S. 651, 662–63 (1974). This protection also extends to state agencies and state officials acting in their official capacities. Allen v. Cooper, 895 F.3d 337, 347 (4th Cir. 2018). Because Carter has not pointed to—and the court is unaware of—any waiver or abrogation

7

of the Commonwealth's Eleventh Amendment immunity with respect to actions for breach of contract, any claim for breach of contract must be dismissed without prejudice. See Garcia v. Lemaster, 439 F.3d 1215, 1219 n.7 (10th Cir. 2006) (noting that "the Eleventh Amendment provides absolute immunity in federal court to state officials for suits alleging breach of contract under state law") (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984)); Clark v. New Mexico Dep't of Corr., 58 F. App' x 789, 791 (10th Cir. 2003) (concluding that the states were the real parties in interest to an Interstate Corrections Compact contract and that any claim for breach of contract was barred by the Eleventh Amendment).[2]

## IV.   Conclusion

For the reasons set forth herein, Maughan's motion to dismiss, ECF No. 43, is **GRANTED**. The § 1983 claims are dismissed for failure to state a claim under Rule 12(b)(6), and the claim for breach of contract is dismissed without prejudice on the basis that it is barred by the Eleventh Amendment.

An appropriate order will be entered.

---

[2] Section 53.1-216 of the Code of Virginia sets forth the provisions that must be included in Interstate Corrections Compact contracts between the Commonwealth of Virginia and other "contracting states." Because the Commonwealth of Virginia and the State of Wyoming are the real parties in interest to the contract at issue, and since there is no suggestion that Maughan personally signed the contract, Carter has no viable claim for breach of contract against Maughan in her individual capacity. See Clark, 58 F. App'x at 791 ("Even though Clark apparently tried to avoid the Eleventh Amendment bar by suing the officials in their individual capacities, we conclude that the states are the real, substantial parties in interest on the breach of contract claims alleged."); Thorpe v. Va. Dep't of Corr., No. 2:20-cv-00007, 2021 WL 2435868, at *3 n.5 (W.D. Va. June 15, 2021) ("Although the plaintiffs purport to also bring this claim [for breach of a settlement agreement] against the VDOC officials in their individual capacities, the mere incantation of that term is not enough to make it so. Here, none of the VDOC officials personally signed the Agreement or were named as parties in that lawsuit . . . . This claim is, in substance, one against the VDOC officials in their official capacities—one which the Eleventh Amendment bars.") (internal quotation marks, brackets, and citations omitted).

Entered: June 6, 2023

Michael F. Urbanski
Chief United States District Judge

9