CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

October 30, 2024

LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES KENZELL CARTER,<br>    Plaintiff, | ) )<br>) Civil Action No. 7:22-cv-00025 |
| v. | ) )<br>) ) By: Elizabeth K. Dillon |
| LARRY ROSS COLLINS, *et al.*,<br>    Defendants. | )    Chief United States District Judge<br>) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Charles Carter, a state inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against more than 20 defendants, including correctional officers at Red Onion State Prison (Red Onion). By memorandum opinion and order entered March 25, 2024, the court granted in part and denied without prejudice in part the remaining defendants' motion for summary judgment and referred the case to a magistrate judge for an evidentiary hearing on the issue of exhaustion of administrative remedies. (Dkt Nos. 136, 137.)

Carter has since filed a request to have "further proceedings heard by a jury outside of the Western District to prevent racial bias, discrimination or prejudice to [him] regarding all remaining claims." (Dkt. No. 140.) Carter asserts that the request is based on the "recent ruling on the pleadings" and that it is "being made as of a right pursuant to the Seventh Amendment" to the United States Constitution. (*Id.*) Based on Carter's assertions, the court liberally construes the filing as a request for recusal and a request for a jury trial on the exhaustion issue. For the following reasons, both requests will be denied.

I. REQUEST FOR RECUSAL

To the extent that Carter requests the court's recusal, the request is governed by 28 U.S.C. § 455. *See Richardson v. Stanford*, No. 7:16-cv-00329, 2017 WL 1102715, at *2 & n.3

(W.D. Va. Mar. 23, 2017) (construing a similar motion as a request for recusal). Under § 455(a), a federal judge is required to "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection (b) of § 455 then "offers a list of other situations requiring recusal, one of which is where a judge 'has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.'" *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (quoting 28 U.S.C. § 455(b)(1)). The Supreme Court has concluded that "both § 455(a) and § 455(b)(1) carry an 'extrajudicial source' limitation, under which bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand' in order to disqualify a judge." *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 545, 554 (1994)) (other citations omitted).

Carter's allegations of possible bias, discrimination, or prejudice do not stem from any extrajudicial source. Instead, Carter bases his request on the rulings set forth in the court's prior memorandum opinion. It is well settled that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *Liteky*, 510 U.S. at 555, and that "[a] presiding judge is not . . . required to recuse [herself] simply because of 'unsupported, irrational or highly tenuous speculation,'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). Because Carter has adduced no evidence that would lead "a reasonable outside observer" to question the court's impartiality, *DeTemple*, 162 F.3d at 287, his request for recusal will be denied.

## II. REQUEST FOR A JURY TRIAL ON EXHAUSTION

Carter's complaint includes a demand for a jury trial. (*See* Dkt. No. 1 at 1.) To the extent that Carter also requests that a jury decide whether he exhausted available administrative remedies prior to filing suit, such request will be denied. "The Seventh Amendment does not

promise a jury trial on all issues that might, as a practical matter, finally dispose of a case. Rather, it guarantees the right to a jury's resolution of the merits of the ultimate dispute." *Messa v. Goord*, 652 F.3d 305, 310 (2d Cir. 2011) (citing *Markman v. Westview Instruments*, 517 U.S. 370, 377 (1996)). Pursuant to the Prison Litigation Reform Act, "exhaustion is a precondition for bringing suit under § 1983." *Small v. Camden Cnty.*, 728 F.3d 265, 269 (3d Cir. 2013) (citing 42 U.S.C. § 1997e(a)). "As such, . . . exhaustion is a 'threshold issue that *courts* must address to determine whether litigation is being conducted in the right forum at the right time.'" *Id.* at 269–70 (emphasis in original) (quoting *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010)). Federal appellate courts have consistently held that "[j]udges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury." *Woodhouse v. Duncan*, 741 F. App'x 177, 178 (4th Cir. 2018) (quoting *Small*, 728 F.3d at 271); *see also Estrada v. Smart*, 107 F.4th 1254, 1262 (10th Cir. 2024) (joining six other circuits in holding that judges may resolve factual disputes relevant to the defense of failure to exhaust administrative remedies). Accordingly, to the extent that Carter requests that a jury decide the exhaustion issue, the request will be denied.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, Carter's request for recusal and his request for a jury trial on the issue of exhaustion (Dkt. No. 140) are **DENIED**.

The clerk shall provide a copy of this memorandum opinion and order to the parties.

Entered: October 30, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge